**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4113**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

WILLIE TERRANCE BATTS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:08-cr-00120-F-1)

_____

Submitted: October 14, 2010      Decided: October 27, 2010

_____

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Willie Batts appeals his conviction and 120-month sentence for possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). We affirm.

Batts challenges two rulings of the district court. Specifically, he contends the court improperly limited the scope of cross-examination of a witness and improperly limited closing argument.

A district court's determination as to the scope of cross-examination is reviewed for abuse of discretion. See United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002). A district court has "wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." United States v. Smith, 441 F.3d 254, 266 (4th Cir. 2006) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1987)).

After reviewing the record, we conclude that the district court did not abuse its discretion in limiting the scope of cross-examination. Batts's attorney sought to elicit testimony from a police detective regarding the motivation behind a recently enacted North Carolina statute requiring

2

police interviews with homicide suspects to be recorded electronically. The question was not relevant to Batts's case and any answer would have been utterly speculative. Moreover, the district court allowed Batts's counsel to argue (and she did in fact argue) that the jury did not have to accord the same weight to the written statement prepared by a police detective to memorialize Batts's confession as it would give to an electronic recording of Batts's confession. We conclude the district court did not abuse its discretion.

"The district court is afforded broad discretion in controlling closing arguments and is only to be reversed when there is a clear abuse of its discretion. 'A reversal may be required where counsel is restricted within unreasonable bounds.'" See United States v. Wills, 346 F.3d 476, 491-92 (4th Cir. 2003) (citing United States v. Rhynes, 196 F.3d 207, 236 (4th Cir. 1999)). Here too, we find no abuse of discretion. Batts's attorney sought to argue that the state's decision not to charge Batts was relevant to explain why he may have made a false confession. However, because there was no evidence that police told Batts he would not be charged, there is no logical link between the state's charging decision and Batts's expectations at the time he confessed. We find that the district court could properly conclude that such an argument

3

would have been irrelevant or confusing to the jury, and did not abuse its discretion by excluding it.[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] In any event, in light of the overwhelming evidence supporting the jury's verdict, we would readily conclude that any error by the district court in either of its challenged rulings was harmless.

4